N/C attached to copy

Rec 133892

York Co

J. Caldwell NBB

ORIGINAL

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

DEBBIE A. MESSNER, Individually and as Administratrix of the Estate of Keith A. Messner,

Plaintiff,

v.

CONSECO LIFE INSURANCE COMPANY,

Defendant

CIVIL ACTION - LAW

1:CV 01-0812

No. 2001 - SU - 01718-01

FILED HARRISBURG

MAY 09 2001

MARY E. D'ANDREA, CLERK
Per DEPUTY CLERK

**NOTICE OF FILING REMOVAL**

Filed on Behalf of: Defendant Conseco Life Insurance Company

Counsel of Record:

Henry M. Sneath, Esquire
Pa. I.D. No. 40559

David T. Kluz, Esquire
Pa. I.D. No. 18005

DOEPKEN KEEVICAN & WEISS
PROFESSIONAL CORPORATION
Firm I.D. No. 870
58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA 15219
Phone: 412.355.2600
Facsimile: 412.355.2609

{P0050561:1}

| | | |
|---|---|---|
| DEBBIE A. MESSNER, Individually and as Administratrix of the Estate of Keith A. Messner, | : | IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA |
| Plaintiff, | : | No. 2001 - SU - 01718-01 |
| v. | : | |
| CONSECO LIFE INSURANCE COMPANY, | : | CIVIL ACTION - LAW |
| Defendant. | : | |

**NOTICE OF FILING REMOVAL**

TO: The Prothonotary
Court of Common Pleas
York County, Pennsylvania

Notice is hereby given that pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant has on this 9th day of May, 2001, filed in the United States District Court for the Middle District of Pennsylvania a Notice of Removal to remove the above-captioned action from the Court of Common Pleas of York County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania. A copy of the Notice of Removal is attached hereto as Exhibit "A".

Respectfully submitted,

DOEPKEN KEEVICAN & WEISS
PROFESSIONAL CORPORATION

Henry M. Sneath, Esquire
David T. Kluz, Esquire
58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA 15219
Phone: 412.355.2600
Facsimile: 412.355.2609
Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Filing Removal has been served upon all parties either individually or through counsel by:

_____ Hand Delivery

__X__ First Class Mail, Postage Prepaid

_____ Certified Mail Return Receipt Requested

_____ Facsimile

at the following addresses:

Glenn C. Vaughn, Esquire
Pa. I.D. No. 07484
22 South Beaver Street
York, PA 17401
Counsel for Plaintiff

DOEPKEN KEEVICAN & WEISS
PROFESSIONAL CORPORATION

______________________________
Henry M. Sneath, Esquire
David T. Kluz, Esquire
Counsel for Defendant
Conseco Life Insurance Company

Dated: 9 May 01

{P0050561:1}

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBBIE A. MESSNER, Individually and as Administratrix of the Estate of Keith A. Messner,

Plaintiff,

v.

CONSECO LIFE INSURANCE COMPANY,

Defendant

Civil Action No.

**NOTICE OF REMOVAL**

Filed on Behalf of: Defendant Conseco Life Insurance Company

Counsel of Record:

Henry M. Sneath, Esquire
Pa. I.D. No. 40559

David T. Kluz, Esquire
Pa. I.D. No. 18005

DOEPKEN KEEVICAN & WEISS
PROFESSIONAL CORPORATION
Firm I.D. No. 870
58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA 15219
Phone: 412.355.2600
Facsimile: 412.355.2609

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBBIE A. MESSNER, Individually and as Administratrix of the Estate of Keith A. Messner, | : | 1:CV 01-0812 |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | |
| CONSECO LIFE INSURANCE COMPANY, | : | |
| Defendant. | : | |

FILED
HARRISBURG
MAY 09 2001
MARY E. D'ANDREA, CLERK
Per ____ DEPUTY CLERK

**NOTICE OF REMOVAL**

TO: The Clerk of the United States District Court
For the Middle District of Pennsylvania

Pursuant to 28 U.S.C. §1441 et seq., the Defendant Conseco Life Insurance Company ("Conseco"), by and through its counsel Doepken Keevican & Weiss, P.C. hereby gives notice, in accordance with 28 U.S.C. §1446, of the removal of this action from the Court of Common Pleas, York County, Pennsylvania, Case No.2001 - SU - 01718-01, the court in which the action was commenced. In support of this notice, the Defendant states the following:

1. Plaintiff commenced this action on or about April 3, 2001 with the filing of a Complaint in the Court of Common Pleas of York County, Pennsylvania. A copy of the Complaint is attached hereto as Exhibit "A".

2. The Complaint was served on Defendant on or about April 9, 2001.

3. Given the date of service, this Notice of Removal is timely under 28 U.S.C. §1446.

4. In the Complaint, the Plaintiff alleges that she is a resident of Red Lion, York County, Pennsylvania.

5. The Complaint further alleges that Defendant Conseco is a corporation authorized to do business in the Commonwealth of Pennsylvania.

6. The Complaint further alleges that Defendant Conseco maintains its Life Claims Department at P. O. Box 1917, Carmel, Indiana 46082-1917. Defendant states that Conseco is an Indiana corporation with its principal place of business in Indiana.

7. The Complaint alleges damages in excess of Thirty-Two Thousand ($32,000.00) Dollars, plus the prime rate of interest and punitive damages pursuant to 42 Pa.C.S. §8371. Based on the nature of the allegations and the damages, actual and punitive, allegedly sustained by the Plaintiff, the amount sought by the Plaintiff exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs and interest.

8. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship among the parties and the Complaint alleges liability in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs and interest. No pleadings have been filed by the Defendant in this case.

9. Contemporaneously with the filing of this notice in this Court, Defendant is filing a copy of this Notice of Removal with the Court of Common Pleas of York County, Pennsylvania and serving a copy of the Notice of Removal upon counsel for the Plaintiff. A true and correct copy of Defendant's Notice of Filing Removal is attached hereto as Exhibit "B".

WHEREFORE, Defendant Conseco Life Insurance Company respectfully requests that the above-referenced litigation now pending in the Court of Common Pleas of York County, Pennsylvania be removed therefrom and placed in this court.

Respectfully submitted:

DOEPKEN KEEVICAN & WEISS
PROFESSIONAL CORPORATION

Henry M. Sneath, Esquire
Pa. I.D. No. 40559

David T. Kluz, Esquire
Pa. I.D. No. 18005

58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA 15219
412.355.2600
Counsel for Defendant

| | | |
|---|---|---|
| DEBBIE A. MESSNER, Individually and as Administratrix of the Estate of Keith A. Messner | : | IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA |
| vs. | : | NO. 2001-SU- 01718-01 |
| CONSECO LIFE INSURANCE COMPANY | : | CIVIL ACTION - LAW |

**COMPLAINT**

AND NOW, this 3rd day of April, 2001, comes the Plaintiff, Debbie A. Messner, and by her attorney, Glenn C. Vaughn, files the following Complaint:

1. Plaintiff, Debbie A. Messner, is an adult individual who resides at 202 Orchard Court, Red Lion, York County, Pennsylvania, and is the Administratrix of the Estate of Keith A. Messner, deceased.

2. The Defendant, Conseco Life Insurance Company, is an insurance corporation authorized to do business in the Commonwealth of Pennsylvania, with its Life Claims Department at P.O. Box 1917, Carmel, Indiana 46082-1917.

3. The Plaintiff is the widow of Keith A. Messner, who died on March 22, 2000, in North Hopewell Township, York County, Pennsylvania.

4. During the life of Keith A. Messner, he procured a policy of insurance on his life from Bradford National Life Insurance Company, Policy No. 9PE15415, hereinafter referred to as "the policy."

5. The policy of life insurance was delivered to Keith A. Messner and was in full force and effect on the date of his death.



6. The policy was issued on June 16, 1988, while Keith A. Messner was married to one Jacqueline Messner, who was named as beneficiary as the wife of the insured.

7. On March 31, 1989, Keith A. Messner was divorced from the bonds of matrimony with Jacqueline Messner.

8. On November 12, 1992, Lamar Life Insurance Company notified Keith A. Messner that it would "assume responsibility for the benefits and obligations of your referenced Bradford National Life Insurance Company policy as of January 1, 1993," and enclosed a Certificate of Assumption to be attached to the policy.

9. Subsequently, and prior to 1999, Conseco Life Insurance Company assumed responsibility for the benefits and obligations of the policy.

10. On August 26, 1995, Keith A. Messner married Debbie A. Messner, and thereafter the beneficiary of the policy was changed to Debbie A. Messner.

11. During his lifetime, the insured Keith A. Messner paid in full all premiums due on the policy and otherwise performed all conditions and covenants and did all things required of him by the terms of the policy.

12. Keith A. Messner died intestate, and on April 26, 2000, the Register of Wills of York County, Pennsylvania, granted Letters of Administration on Keith A. Messner's estate to his widow, Debbie A. Messner.

13. After Keith A. Messner's death, Debbie A. Messner could not find the policy and called the Defendant to find out who was the beneficiary.

14. On April 11, 2000, Janice Brooks, employee of the Defendant, told Debbie A. Messner that Jacqueline Messner was listed as the beneficiary of the policy.

15. On April 11, 2000, Debbie A. Messner called back to the Defendant and told its employee Beverly McClure that she was positive that the beneficiary had been changed from Jacqueline Messner to Debbie A. Messner as primary beneficiary and to the decedent's children as alternate beneficiaries.

16. On May 20, 2000, Steve Enyart, employee of Defendant, told Plaintiff that Jacqueline Messner was the correct beneficiary of the policy.

17. The Plaintiff then sent policy-related paperwork to Jacqueline Messner, now known as Jacqueline Pelchey, (hereinafter "Jacqueline").

18. The Plaintiff later heard from a relative that Jacqueline had been disqualified as the beneficiary, but the Defendant withheld this information from the Plaintiff.

19. On August 29, 2000, the Plaintiff called the Defendant and asked Joel Granberry, employee of Defendant, if Jacqueline had been disqualified as beneficiary and why she was not notified.

20. Joel Granberry informed the Plaintiff that Jacqueline had been disqualified as beneficiary of the policy and that the proceeds would be paid to the estate of the decedent.

21. Joel Granberry told the Plaintiff to send to the Defendant a claim form with letters of administration and a death certificate, and that the proceeds would be paid to the estate.

22. Relying upon Joel Granberry's representation that the proceeds would be paid to her, on October 12, 2000, the Plaintiff signed a contract to sell the real estate of the estate for $25,000.00.

23. The real estate was subject to a mortgage lien of $34,048.39 to Advanta Mortgage Corp., but the Plaintiff relied upon the representation of the Defendant that the policy proceeds would be paid to the estate in signing the contract and concluding closing on November 10, 2000, with a

loss on the sale of $11,889.70.

24. On November 16, 2000, the Plaintiff sent to the Defendant (Attn: Joel Granberry) the policy claim form and other requested documentation.

25. On January 24, 2001, Stacey, an employee of Defendant, informed the Plaintiff's attorney that the Plaintiff's claim form had not been received by the Defendant until January 18, 2001, but that the policy proceeds would be paid to the estate within three weeks of that date.

26. On March 1, 2001, the Plaintiff called the Defendant to check on the payment and was told by Alisha that the file was in the Defendant's legal department and someone would call back.

27. On March 8, 2001, the Plaintiff called the Defendant and was told by Alisha that the file was on her supervisor's desk and someone would call back.

28. On March 14, 2001, the Plaintiff called the Defendant and was told by Joel Granberry that the policy proceeds had been paid to Jacqueline on October 18, 2000.

29. The August 29, 2000, statement of Defendant's employee Joel Granberry to Plaintiff that Jacqueline had been disqualified as the policy beneficiary and that the Plaintiff would be paid the policy proceeds was false information from an employee of the Defendant was in a position to have information as to the true state of the facts or to become aware of them.

30. The Plaintiff relied on the false representation of the Defendant's employee to the prejudice of the estate by paying a creditor (Advanta Mortgage Corp.) from other moneys of the estate in anticipation of receiving the policy proceeds.

31. There were not and will not be funds in the estate to pay other general creditors of the estate, which creditors would have been equal in priority of distribution to Advanta Mortgage Corp.

COUNT 1

DEBBIE A. MESSNER v. CONSECO LIFE INSURANCE COMPANY

CONTRACT

32. The averments of Paragraphs 1-31 are incorporated herein by reference.

33. The Plaintiff as the wife of the decedent was named as beneficiary of the policy and is entitled to the proceeds.

WHEREFORE, the Plaintiff requests judgment in her favor and against the Defendant in the amount of $32,000.00, together with interest from March 22, 2000, and costs of suit.

COUNT 2 (IN THE ALTERNATIVE)

DEBBIE A. MESSNER, ADMINISTRATRIX OF THE ESTATE OF KEITH A. MESSNER v. CONSECO LIFE INSURANCE COMPANY

MISREPRESENTATION AND ESTOPPEL

34. The averments of Paragraphs 1-31 are incorporated herein by reference.

35. The Plaintiff as administratrix of the estate of Keith A. Messner, decedent, was prejudiced in that the Plaintiff changed her position to the detriment of the estate in reliance upon the misrepresentations of the Defendant through its employees.

36. The Defendant is estopped from denying that the Plaintiff is the beneficiary of the policy.

WHEREFORE, the Plaintiff requests judgment against the Defendant in the amount of $11,889.70 plus interest, attorney's fees and costs of suit.

COUNT 3

DEBBIE A. MESSNER v. CONSECO LIFE INSURANCE COMPANY

BAD FAITH UNDER 42 Pa. C.S.A. §8371

37. The averments of Paragraphs 1-31 are incorporated herein by reference.

38. The Defendant acted in bad faith toward the Plaintiff.

WHEREFORE, the Plaintiff requests judgment against the Defendant for $32,000.00, plus the prime rate of interest plus three percent, punitive damages, court costs and attorney's fees.

Glenn C. Vaughn, Esquire
Attorney for Plaintiff
ID No. 07484
22 South Beaver Street
York, PA 17401
(717) 845-9689

**VERIFICATION**

I, Debbie A Messner, hereby verify that all of the statements made in the foregoing Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Debbie A. Messner

Debbie A. Messner

Date: 4-2-01

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

DEBBIE A. MESSNER, Individually and as Administratrix of the Estate of Keith A. Messner,

Plaintiff,

v.

CONSECO LIFE INSURANCE COMPANY,

Defendant

CIVIL ACTION - LAW

No. 2001 - SU - 01718-01

**NOTICE OF FILING REMOVAL**

Filed on Behalf of: Defendant Conseco Life Insurance Company

Counsel of Record:
Henry M. Sneath, Esquire
Pa. I.D. No. 40559

DOEPKEN KEEVICAN & WEISS PROFESSIONAL CORPORATION
Firm I.D. No. 870
58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA 15219
Phone: 412.355.2600
Facsimile: 412.355.2609



| | | |
|---|---|---|
| DEBBIE A. MESSNER, Individually and as Administratrix of the Estate of Keith A. Messner,<br><br>Plaintiff,<br><br>v.<br><br>CONSECO LIFE INSURANCE COMPANY,<br><br>Defendant. | : | IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA<br><br>No. 2001 - SU - 01718-01<br><br>CIVIL ACTION - LAW |

## NOTICE OF FILING REMOVAL

TO: The Prothonotary
Court of Common Pleas
York County, Pennsylvania

Notice is hereby given that pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant has on this 9th day of May, 2001, filed in the United States District Court for the Eastern District of Pennsylvania a Notice of Removal to remove the above-captioned action from the Court of Common Pleas of York County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. A copy of the Notice of Removal is attached hereto as Exhibit "A".

Respectfully submitted,

DOEPKEN KEEVICAN & WEISS
PROFESSIONAL CORPORATION

Henry M. Sneath, Esquire

58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA 15219
Phone: 412.355.2600
Facsimile: 412.355.2609
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Notice of Removal has been served upon all parties either individually or through counsel by:

_____ Hand Delivery

__X__ First Class Mail, Postage Prepaid

_____ Certified Mail Return Receipt Requested

_____ Facsimile

at the following addresses:

Glenn C. Vaughn, Esquire
Pa. I.D. No. 07484
22 South Beaver Street
York, PA 17401
Counsel for Plaintiff

DOEPKEN KEEVICAN & WEISS
PROFESSIONAL CORPORATION

[signature] 18005
Henry M. Sneath, Esquire
David T. Kluz, Esquire

Dated: 9 May 01