ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
JUN 11 2001
PER _____
HARRISBURG, PA    DEPUTY CLERK

DEBBIE A. MESSNER, Individually and  :
as Administratrix of the Estate of    :
Keith A. Messner,                     :
                                      :
            Plaintiff,                :
                                      :   Civil Action No. 1:CV 01-0812
      v.                              :
                                      :
CONSECO LIFE INSURANCE                :
COMPANY,                              :
                                      :
            Defendant.                :

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Conseco Life Insurance Company, (Conseco), by and through its undersigned counsel, files the following Answer and Affirmative Defenses:

1. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1, and they are therefore denied.

2. Admitted.

3. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3, and they are therefore denied.

4. Admitted.

5. Admitted.

6. It is admitted that the policy was issued on June 16, 1988. It is further admitted that Jacqueline Messner was named as beneficiary of the policy and was identified on the policy

application as "wife." As to the remaining averments, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Keith A. Messner was married to Jacqueline Messner at that time.

7. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7, and they are therefore denied.

8. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8, and they are therefore denied.

9. Admitted.

10. Defendant denies that the beneficiary of the policy was changed to Debbie A. Messner. On the contrary, the beneficiary of Keith A. Messner's policy was Jacqueline Messner. As to the remaining averments, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, and they are therefore denied.

11. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11, and they are therefore denied.

12. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12, and they are therefore denied.

13. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13, and they are therefore denied.

14. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14, and they are therefore denied.

15. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15, and they are therefore denied.

16. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16, and they are therefore denied.

17. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17, and they are therefore denied.

18. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18, and they are therefore denied.

19. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19, and they are therefore denied.

20. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20, and they are therefore denied.

21. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21, and they are therefore denied.

22. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22, and they are therefore denied.

23. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23, and they are therefore denied.

24. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24, and they are therefore denied.

25. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25, and they are therefore denied.

26. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26, and they are therefore denied.

27. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27, and they are therefore denied.

28. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28, and they are therefore denied.

29. The averments contained in paragraph 29 constitute conclusions or law to which no response is required. To the extent a response is required, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29, and they are therefore denied.

30. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30, and they are therefore denied.

31. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31, and they are therefore denied.

## COUNT 1

### DEBBIE A. MESSNER v. CONSECO LIFE INSURANCE COMPANY

#### CONTRACT

32. The responses set forth in paragraphs 1-31, above, are hereby incorporated by reference as though fully set forth herein.

33. The averments contained in paragraph 33 constitute conclusions of law to which no response is required. To the extent a response is required, the averments in paragraph 33 are denied.

WHEREFORE, Defendant demands that judgment be entered in its favor and against Plaintiff, plus costs of suit, including reasonable attorneys' fees.

### COUNT 2 (IN THE ALTERNATIVE)

### DEBBIE A. MESSNER, ADMINISTRATRIX OF THE ESTATE OF KEITH A. MESSNER v. CONSECO LIFE INSURANCE COMPANY

### MISREPRESENTATION AND ESTOPPEL

34. The averments or paragraphs 1-33, above, are hereby incorporated by reference as though fully set forth herein.

34. The averments contained in paragraph 35 constitute conclusions of law to which no response is required. To the extent a response is required, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35, and they are therefore denied.

35. The averments contained in paragraph 36 constitute conclusions of law to which no response is required. To the extent a response is required, the averments in paragraph 36 are denied.

WHEREFORE, Defendant demands that judgment be entered in its favor and against Plaintiff, plus costs of suit, including reasonable attorneys' fees.

## COUNT 3

### DEBBIE A. MESSNER v. CONSECO LIFE INSURANCE COMPANY

### BAD FAITH UNDER 42 Pa. C.S.A. §8371

36. The averments or paragraphs 1-36, above, are hereby incorporated by reference as though fully set forth herein.

37. Denied. On the contrary, the Defendant acted in good faith at all times in their dealings with Plaintiff and in their interpretation of the policy and/or administration of claims.

WHEREFORE, Defendant demands that judgment be entered in its favor and against Plaintiff, plus costs of suit, including reasonable attorneys' fees.

### AFFIRMATIVE DEFENSES

1. The responses set forth in paragraphs 1-38, above, are hereby incorporated by reference as though fully set forth herein.

2. Defendants hereby raise the terms and conditions of the insurance policy at issue, along with all documents made a part thereof including the policy application, and all defenses available and/or promulgated thereunder, and aver further that Plaintiff's claims are barred and/or diminished by operation of the contractual agreement by and between the parties including any documents and/or application for coverage made a part of the contract.

3. Plaintiff's claims are barred and/or diminished by the applicable statute of limitations.

4. The Defendant pleads all defenses available under the Bad Faith Statute, 42 Pa.C.S.A. §8371.

5. Plaintiff's Complaint fails to state a claim upon which relief can be granted, generally, and particularly under the Bad Faith Statute, 42 Pa.C.S.A. §8371.

6. Plaintiff has not suffered any damage, and Plaintiff's Complaint fails to state a claim upon which relief may be granted.

7. Plaintiff's claims are barred and/or diminished by the doctrines of estoppel and/or waiver, and Defendants hereby raise same as a defense.

8. Defendants complied with all applicable laws of the Commonwealth of Pennsylvania and/or any other relevant jurisdictions.

9. Defendants deny any liability for punitive damages, and hereby preserve all due process arguments in opposition to the imposition of the same, both under the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania.

10. Plaintiff's losses, such losses being denied, are the result of Plaintiff's actions or failure to act.

11. To the extent that Plaintiff suffered any injuries and/or damages, all such injuries and/or damages being specifically denied, such injuries and/or damages were caused by conditions or events or persons beyond Defendant's control, including potential superseding and/or intervening acts and/or omissions on the part of those over whom Defendant had neither control nor the right to control, or same were caused by Plaintiff's own conduct.

12. Defendants are advised and therefore aver that the Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. §8371 is unconstitutionally vague as drafted and as applied, particularly in view of the absence of any standards for those persons or entities purportedly subject to it or for courts or appellate courts to exercise judicial review of awards entered pursuant to it.

13. Defendants acted, at all times, in good faith in their dealings with Plaintiff and in their interpretation of the policy and/or administration of claims.

14. As to any claim for breach of contract, Defendant avers that Plaintiff was not a party to, nor a beneficiary of, any contract with Defendant and therefore Plaintiff has no standing, nor privity to raise breach of contract claims.

15. As to the breach of contract claims, and should Plaintiff prove a contractual or beneficiary relationship, then in that alternative, Defendant avers that there was a lack of consideration, or a failure of consideration such that Plaintiff's claims are barred or diminished.

16. Plaintiff's claims are barred and/or diminished by virtue of the fact that Plaintiff was not a party to, nor a beneficiary of any contract with Defendant.

WHEREFORE, Defendant demands that judgment be entered in its favor and against the Plaintiff, plus costs of suit, including reasonable attorneys' fees

Respectfully submitted:

Henry M. Sneath, Esquire
Pa. I.D. #40559

David T. Kluz, Esquire
Pa. I.D. #18005

DOEPKEN KEEVICAN & WEISS
Firm I.D. #870
58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA 15219
Phone:       412.355.2600
Facsimile:   412.355.2609

Counsel for Defendant Conseco Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defense was served this 11th day of June, 2001, by first class mail, postage prepaid upon the following:

>Glenn C. Vaughn, Esquire
>22 South Beaver Street
>York, PA 17401
>
>Attorney for Plaintiff

_____
Henry M. Sneath, Esquire