# ORIGINAL

FILED
HARRISBURG, PA
JUL 27 2001

Attorney for Plaintiff          Glenn C. Vaughn, Esquire
                                22 South Beaver Street
                                York, Pennsylvania 17401

Attorney for Defendant          Henry M. Sneath, Esquire
                                Doepken, Keevican & Weiss
                                58th Floor, USX Tower
                                600 Grant Street
                                Pittsburgh, Pennsylvania 15219-2703

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBBIE A. MESSNER, Individually and As Administratrix of the Estate of Keith A. Messner, | Civil Action No. 1:CV 01-0812 |
| Plaintiff | CIVIL ACTION - LAW |
| VS. | |
| CONSECO LIFE INSURANCE COMPANY, | JUDGE WILLIAM CALDWELL |
| Defendant. | |

## JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

{P0056755:1}

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their appreciation in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

1. **Principal Issues**

    1.10  Separately for each party, please give a statement summarizing this case:

    **By Defendant:**

Keith A. Messner procured a life insurance policy from Bradford National Life Insurance Company on June 16, 1988. On that date, Keith Messner listed the beneficiary as Jacqueline Messner. On March 31, 1989, Jacqueline Messner and Keith Messner were divorced, but Keith did not change the beneficiary of his life insurance policy at that time or at any time subsequent to that date.

Conseco Life Insurance Company later assumed responsibility for the benefits and obligations of the subject life insurance policy.

On March 22, 2000, Keith Messner died of a self-inflicted gun-shot wound. The proceeds of Mr. Messner's life insurance policy were paid to the named beneficiary, Jacqueline Pelchey (previously Jacqueline Messner).

Debbie A. Messner, Keith Messner's second wife, and his wife at the time of his death, filed a complaint with the Court of Common Pleas of York County, Pennsylvania, which was subsequently removed to this Court by the defendant, Conseco Life Insurance Company ("Conseco").

Plaintiff alleges that Conseco breached the life insurance contract. Specifically, plaintiff alleges that she was the named beneficiary of Keith Messner's life insurance policy and is therefore entitled to the proceeds which total $32,000.00.

{P0056755;1}

Finally, plaintiff alleges a bad faith claim under 42 Pa. C.S.A. § 8371, and requests damages in the amount of $32,000 plus interest, costs, attorney's fees and punitive damages.

**By Plaintiff:**

Plaintiff is the widow of the insured under a life insurance policy issued by the Defendant's predecessor company. When the policy was issued, the insured named his first wife, Pelchey, as beneficiary. Less than a year later, the insured was divorced from Pelchey.

Upon the death of the insured, the Plaintiff became the administratrix of his estate. She inquired of Defendant about the policy and was told that first wife was the beneficiary. Plaintiff believed that the beneficiary had been changed from first wife to second wife. Nevertheless, the Plaintiff sent the policy-related paperwork to first wife.

Months passed and Plaintiff learned from third parties that first wife had been disqualified as beneficiary. This information had been withheld from the Plaintiff by the Defendant. The Plaintiff called Defendant and was promised that the proceeds would be paid to the insured's estate.

The Plaintiff relied upon the Defendant's representation that the insurance proceeds would be paid to the estate and paid a secured creditor of the estate $11,889.70 more than required by the value of the security and the PEF Code. In addition, the Plaintiff incurred $3,095.09 in expenses of sale which would have been unnecessary if a deed in lieu of foreclosure was given to the secured creditor.

Thereafter, the Plaintiff was told conflicting stories by representatives of Defendant about the status of her claim and when she would be paid. On January 24, 2001, payment was promised within three weeks. On March 14, 2001, the same employee of Defendant who had

{P0056755:1}

told the Plaintiff initially that she was going to receive the proceeds, told her that the proceeds had been paid to the first wife on October 18, 2000.

The Defendant's representatives misrepresented the facts to the Plaintiff, who justifiably relied upon their promises to pay her the proceeds. The Defendant's actions constitute bad faith under Pennsylvania law

    The principal <u>factual</u> issues that the parties <u>dispute</u> are:

        1.11    Whether the beneficiary of Mr. Messner's life insurance policy is Jacqueline Pelchy or Debbie Messner?

        1.12    Whether certain representations were made to Debbie Messner by employees of the Defendant?

<u>agree</u> upon are:

        1.20    The subject life insurance policy was issued to Mr. Messner.

        1.21    Conseco Life Insurance Company assumed responsibility for the benefits and obligations of the subject life insurance policy.

1.30    The principal <u>legal</u> issues that the parties <u>dispute</u> are:

        1.31    Whether Conseco Life Insurance Company made misrepresentations to Debbie Messner?

        1.32    Whether Debbie Messner detrimentally relied on any statement made by Conseco Life Insurance Company?

        1.33    Whether Conseco Life Insurance Company acted in bad faith?

        1.34    Whether Conseco Life Insurance Company breached a contract?

<u>agree</u> upon are:

        1.40

{P0056755:1}

1.50  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

1.60  Identify any named parties that have not yet been served:

1.70  Identify any additional parties that:

plaintiff intends to join:

defendant intends to join:

1.80  Identify any additional claims that:

plaintiff intends to add:

The Plaintiff wants to add as damages the settlement charges which she expended in the sale of the real estate, which were unnecessary if giving a deed in lieu of foreclosure - $3,095.09.

defendants intends to add:

## 2.0   Alternative Dispute Resolution ("ADR")

2.10  Identify any ADR procedure to which this case already has been assigned or which the parties have to use.

ADR procedure:    none

Date ADR to be commenced:    N/A

Date ADR to be completed:    N/A

{P0056755:1}

2.20 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

N/A

2.30 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view: N/A

**3.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. section 636(c), to have a magistrate judge handle all remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:

    __X__ yes  _____ no

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    ____ Scranton

    ____ Wilkes-Barre

    _X_ Harrisburg

**4.0 Disclosures**

4.100 Separately for each party, list by <u>name, title and position</u>, each person whose identity has been disclosed.

{P0056755:1}

4.101 Disclosed by Defendant:

| Name | Title/Position |
|---|---|
| 4.102 Steve Enyart | Senior Rep., Customer Service |
| 4.103 Janice Brooks | Former employee |
| 4.104 Beverly McClure | Senior Rep., Client Services |
| 4.105 Joel Granberry | Former employee |
| 4.106 Stacey Gurevitz | Representative, Customer Service |
| 4.107 Ayeshia Allen | Representative, Customer Service |
| 4.108 Diana Best | Former employee |

4.151 Disclosed by Plaintiff:

| Name | Title/Position |
|---|---|
| 4.152 Debbie A. Messner | Plaintiff |

4.200 Separately for each party describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

4.201 Categories of documents disclosed by Defendant:

    4.202 Policy File

    4.203 Death File

4.251 Categories of documents disclosed by Plaintiff:

    4.252 The insurance policy No. 9PE15415

    4.253 November 12, 1992, assumption of Lamar Life Insurance Co.

{P0056755:1}

      4.254   Letters of Administration on Estate of the Insured

      4.255   Settlement Statement for sale of real estate

      4.256   Claimant's Statement

4.300   <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

      4.301   Additional categories of documents Plaintiff will disclose:

           4.302  none

      4.351   Additional categories of documents Defendant will disclose:

           4.352  none

4.400   Separately for each party who claims an entitlement to damages or an offset, set for the computation of the damages or of the offset.

      4.401   Plaintiff's calculation of damages:

| | |
|---|---|
| Count 1: | $32,000.00 - face amount of policy proceeds |
| Count 2: | $11,889.70 – unsecured portion of mortgage debt<br>$ 3,095.09 – settlement charges<br>$14,984.79 |
| Count 3: | Unliquidated damages for bad faith plus interest and attorney fees. |

      4.402   Defendant's calculation of offset

## 5.0   Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated</u> |
|---|---|---|

{P0056755:1}

<u>Filing Date</u>

**6.0   Discovery**

    6.100   Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s):

            none

        By defendant(s):

            none

    6.200   Describe any <u>discovery</u> that all parties <u>agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g. Plaintiff will depose the Defendant's witnesses to learn what Defendant's policies, practices and procedures were and how they were applied or misapplied by Defendant's managers in this case"):

Deposition :   Debbie Messner

Initial Disclosures

Request for Production of Documents

    6.300   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Depositions:   Steve Enyart, Janice Brooks, Beverly McClure, Joel Granberry, Stacey Gurevitz, Ayeshia Allen.

{P0056755:1}

The plaintiff, Debbie Messner alleges that she had conversations with these individuals, who are present and former employees of Conseco Life Insurance Company, regarding the subject life insurance policy. Defendant, Conseco Life Insurance Company objects to plaintiff deposing all of these individuals for the reason that a number of the individuals listed have no recollection of a conversation with Debbie Messner. Upon further inquiry and discussion, Defendant will prepare statement as to the ability of each person to provide relevant testimony.

6.400   Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage or throughout the litigation:

N/A

6.500   For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff and by defendant):

6.501   depositions (excluding experts) to be taken by:

plaintiff:   10     defendant:   10

6.502   interrogatories to be served by:

plaintiff:   40     defendant:   40

6.503   document production requests to be served by:

plaintiff:   30     defendant:   30

6.504   requests for admission to be served by:

plaintiff:   30     defendant:   30

{P0056755:1}

    6.600    All discovery commenced in time to be completed by: November 23, 2001

    6.700    Reports from retained experts due:

        from plaintiff by:    30 days after close of discovery

        from defendant by:    30 days after receipt of Plaintiff's expert report

    6.800    Supplementation due 30 days after the defense reports.

**7.0    Protective Order**

    7.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.

    None at this time

    7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

    N/A

**8.0    Certification of Settlement Authority (all parties shall complete the Certification)**

I hereby certify that the following individual(s) have settlement authority:

<u>For Plaintiff:</u>

Glenn C. Vaughn, Esquire
22 South Beaver Street
York, PA 17401
(717) 845-9689

<u>For Defendant:</u>

Henry M. Sneath, Esquire

{P0056755:1}

Doepken, Keevican & Weiss
58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA 15219-2703
(412) 355-8158

**9.0    Scheduling**

9.1    This case may be appropriate for trial in approximately:

___ 240 Days from the filing of the action in this court

_X_ 365 Days from the filing of the action in this court

___ Days from the filing of the action in this court

9.2    Suggested Date for Trial: April 1, 2002

9.3    Suggested date for Pretrial Conference: March 1, 2002

9.4    Final date for joining additional parties:

30 days from now.

9.5    Final date for amending pleadings:

30 days from now.

9.6    All potential dispositive motions should be filed by:

30 days after close of discovery.

**10.0    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None at present.

{P0056755:1}

### 11.0 Identification of Lead Counsel

Identify by name, address and telephone number lead counsel for each party:

For Plaintiff:

Glenn C. Vaughn, Esq.
22 South Beaver Street
York, PA 17401

For Defendant:

Henry M. Sneath, Esquire
Doepken, Keevican & Weiss
58th Floor, USX Tower
600 Grant Street
Pittsburgh, PA    15219-2703
(717) 355-2600

Dated: 7-27-01

_____
Glenn C. Vaughn, Esquire
Attorney for the Plaintiff

Dated: 7/27/01

_____
Henry M. Sneath
Attorney for Defendant

{#0056755:1}